## C. FEARL v. C. T. HANNA.

APPEALS BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF CAMBRIA COUNTY.

Argued October 14, 1889—Decided October 28, 1889.

1. When the return of a service of summons is regular on its face, it will not be set aside because the defendant was induced to come within the jurisdiction, by a letter from the plaintiff inviting him for another purpose.
2. In an action to recover back money paid for machinery alleged to be defective, it is not error to submit to the jury the question of delay in giving notice of the defects, with instruction to consider the time when the plaintiff became aware of the defects, and other circumstances.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 7 October Term 1889, Sup. Ct.; court below, No. 63 December Term 1887, C. P.

On September 16, 1887, Mrs. C. Fearl, trading as the Johnstown Milling Company, brought assumpsit against C. T. Hanna, to recover back the price of certain machinery which had been furnished by the defendant, paid for, and alleged to be defective.

On December 5, 1887, a rule was taken to show cause why the writ should not be quashed, on the ground that the defendant was served with the summons while on a visit to the mill in Johnstown, induced by a letter from the plaintiff inviting him there to examine the working of the machinery. On February 6, 1888, the court discharged the rule, but no exception was taken to the order.[1] Issue.

On September 14, 1888, the case was called for trial, when the following facts appeared:

The plaintiff owned and operated a grist-mill in Johnstown. For the purpose of changing its operation from the use of buhrs to the use of rollers, she made a contract with the defendant to furnish certain machinery. The contract was completed and the mill was in operation when the parties settled, the de-

fendant receiving part cash and a note for five months, which was subsequently paid. The mill began operations in September and continued to run from September 10th, to December 26th, about which time notice was given to the defendant to remove the rolls and restore the mill to its former condition.

The plaintiff submitted the testimony of several witnesses to prove that the purchase was accompanied by a guaranty that the machinery would require no more power than had been formerly used, and that it would make a barrel of flour out of four bushels and forty pounds of wheat, and as good flour as was formerly produced by the mill. The defendant denied that there was any such guaranty, and introduced the evidence of expert witnesses to prove that the loss was due to the unskilfulness of the employees of the plaintiff, and not to any fault of the machinery nor to the manner of its construction. The defendant also claimed that the plaintiff was guilty of laches in not giving him earlier notice of the defects.

The court submitted to the jury the question whether there was a guaranty or not; also, the question of the negligence of the plaintiff's employees, and on the question of notice charged as follows:

[The defendant further contends that the plaintiff, by neglecting or refusing to give him any notice of defects in the machinery which he had put up for him, or of its need of repairs, for more than four months, is debarred by his own conduct from recovering damages. The defendant has asked us, in his second point, to declare, as a matter of law, that the plaintiff cannot recover. This we refuse. There may be cases where the law would so hold, but here we deem it proper to submit the question to the jury for their consideration. Fairness to the defendant would seem to require earlier notice of defects; yet it depends greatly on the time when the plaintiff first became fully aware of the defects in the machinery, and other circumstances concerning the case. If you find the plaintiff's delay was without justification, you may find for the defendant; otherwise your finding should be for the plaintiff.] [4]

The defendant has submitted the following points:

1. That under all the evidence in this case, the verdict must be for the defendant.

Answer: We decline so to instruct you, but submit the whole testimony to you.[2]

2. That good faith required that Hanna should have reasonable time and opportunity to make proper tests and adjustments and remedy defects, if any, in the machinery, and was entitled to notice of any defect therein, if such existed; and a failure to give such notice and opportunity from the time of starting the mill till January, 1887, and a refusal then to permit him to remedy defects would bar the plaintiff's recovery.

Answer: That we have answered in our general charge. It is a question for you, and we leave it with you under all the circumstances of the case.[3]

The jury returned a verdict in favor of the plaintiff for $500. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendant then took this writ; specifying that the court erred:

1. In discharging the rule to set aside the service of the summons.[1]

2. In refusing defendant's first point, viz.:—[quoting the point, but not the answer.] [2]

3. In refusing to affirm defendant's second point, which is:—[quoting the point, but not the answer.] [3]

4. In the part of the charge embraced in [ ] [4]

*Mr. West McMurray* (with him *Mr. C. C. Dickey* and *Mr. Ellis G. Kerr*), for the appellant.

Counsel cited, (1) upon the subject of the service: Carter v. Spooner, 2 Sandf. 717; Metcalf v. Clark, 41 Barb. 47; Williams v. Reed, 5 Dutch. 387; Union Sugar Co. v. Matheson, 2 Cliff. 307; Wells v. Gurney, 8 B. & C. 769. (2) Upon the question of guaranty: Benj. on Sales, § 929; Wetherill v. Neilson, 20 Pa. 453; McFarland v. Newman, 9 W. 57; Fraley v. Bispham, 10 Pa. 320; Whitaker v. Eastwick, 75 Pa. 229; Port Carbon Iron Co. v. Groves, 68 Pa. 151; Hare on Contracts, 548; Cleaver v. Bullock, 111 Pa. 449; Huey v. Gahlenbeck, 121 Pa. 247.

*Mr. John P. Linton* (with him *Mr. W. H. Rose*), for the appellee.

Counsel cited, (1) upon the question of service: Roberts v. Austin, 5 Wh. 313; Commonwealth v. Hambright, 4 S. & R.

149; Tr. & H. Pr., 246; Winder v. Smith, 6 W. & S. 424; Johnston v. Coleman, 8 W. & S. 69. (2) Upon the question of guaranty: Jackson v. Wetherill, 7 S. & R. 481; Bigler v. Flickinger, 55 Pa. 283.

PER CURIAM:

The first specification of error is not sustained. The service of the writ was regular upon its face, and if there was any cause why it should be set aside, I have not been able to find it in the plaintiff in error's paper book; nor does any exception appear to have been taken to the ruling of the court below upon this point.

The second specification alleges that the court below erred in not instructing a verdict for the defendant, in accordance with the prayer of defendant's first point. It is quite possible that a verdict in his favor would have met the substantial justice of the case, but we do not think the court below would have been justified in directing it. There were questions which were properly for the jury. The third specification is not in accordance with the rules of court.

The fourth and last specification contains an extract from the general charge which the defendant contends is error. We do not think so. The court could not say, as a matter of law, that the plaintiff's delay in giving notice of defects in the machinery would bar her right to recover. The learned judge said, in this connection: "Fairness to the defendant would seem to require earlier notice of defects; yet it depends greatly on the time when the plaintiff first became fully aware of the defects in the machinery, and other circumstances concerning the case. If you find the plaintiff's delay was without justification, you may find for the defendant; otherwise, your verdict should be for the plaintiff." This was as favorable to the defendant as he had a right to expect. If he has any cause to complain, it is of the jury, not of the court.

Judgment affirmed.